# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BRANCH BANKING AND TRUST COMPANY,

          Plaintiff,

vs.

JONES/WINDMILL, LLC, *et al.*,

          Defendants.

Case No. 2:12-cv-00452-JCM-GWF

**ORDER**

Defendants' Motion to Stay Proceedings (#35)

This matter comes before the Court on Defendants' Motion to Stay Proceedings (#35), filed on December 7, 2012. Plaintiff filed a timely Opposition (#39) on December 21, 2012. Defendants filed a timely Reply (#40) on December 27, 2012.

Courts have broad discretion to stay proceedings. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). A stay may be appropriate pending resolution of independent proceedings which bear upon the case. *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th cir. 1979). In particular, a stay may be warranted when rulings in independent proceedings will simplify pre-trial activity or questions of law. *See, e.g., Minor v. FexEx*, 2009 WL 1955816, at *1 (N.D. Cal. July 6, 2009).

Defendants seek a stay in this case pending certain rulings from the Nevada Supreme Court. Plaintiff asserts claims of deficiency, breach of guaranty, and breach of the covenant of good faith and fair dealing regarding an alleged default on a promissory note. Defendants have raised numerous affirmative defenses, asserting that Plaintiff's claims are barred for failure of consideration and because Plaintiff is not a proper holder in due course. *See Defendant's Answer, Doc. #22* at 6. Defendant argues the issues in this case are largely matters of Nevada state law and are inextricably related to appeals pending before the Nevada Supreme Court.

The relevant appeals[1] address conflicting Nevada state trial court rulings regarding recently-enacted Nevada Revised Statutes ("NRS") 40.459(1)(c) and 40.459(2) ("Statutes"). The Statutes govern aspects of acquiring the rights to obtain judgments on, among other things, deeds of trust. NRS 40.459(1)(c), for example, addresses adequate consideration for acquiring the rights to obtain judgments. Nevada state trial courts have reached varying conclusions regarding the Statutes' scope and retroactivity. The Court finds that the Nevada Supreme Court's resolution of the Statutes' ambit will simplify the proceedings and legal questions in this case. Therefore, a stay in this case pending the Nevada Supreme Court's rulings on the relevant appeals is warranted. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Stay Proceedings (#35) is **granted**.

**IT IS FURTHER ORDERED** that this case is stayed until **March 7, 2013** or until the Nevada Supreme Court rules on the relevant appeals, whichever is shorter.

**IT IS FURTHER ORDERED** that the Court shall conduct a telephonic status conference for this case on **Wednesday, February 27, 2013 at 9:30 a.m.** The parties are instructed to call telephone number: **(702) 868-4910, password 123456,** five (5) minutes prior to the hearing time. Please remain on the line until such time as the Court joins the call and convenes the proceedings. The use of a cell phone or speaker phone during the call is **prohibited**. *The call must be made using a land line.*

DATED this 23rd day of January, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

---

[1] *Sandpointe Atp.'s LLC v. Dist. Ct.*, NV S.Ct. No. 59507; *Branch Banking and Trust Co. v. Nielsen*, NV S.Ct. Nos. 60256, 59823, 61092; *Lavi v. Dist. Ct.*, NV S.Ct. No. 58968.