UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRANCH BANKING AND TRUST COMPANY,<br><br>　　　　　　　　　　Plaintiff(s),<br><br>　v.<br><br>JONES/WINDMILL, LLC, et al.,<br><br>　　　　　　　　　　Defendant(s). | Case No. 2:12-CV-452 JCM (GWF)<br><br>ORDER |

Presently before the court is plaintiff Branch Banking and Trust Co.'s ("Branch Banking") emergency motion for clarification of order regarding trial. (Doc. # 125). Defendants Jones/Windmill, LLC, Yoel Iny, Noam Schwartz, and D.M.S.I., LLC, filed a response (doc. # 129), and plaintiff filed a reply (doc. # 130).

**I.　Background**

Plaintiff Branch Banking is the successor in interest to non-party Colonial Bank by acquisition of assets from the FDIC as receiver for the bank.

Branch Banking's claims arise out of a January 18, 2006,[1] promissory note secured by a deed of trust executed by defendant Jones/Windmill, LLC ("Jones/Windmill"). The note secured a loan from Colonial Bank in the original principal amount of $1,100.000. The deed of trust encumbered certain real property located in Clark County, Nevada ("the property").

The individual and corporate defendants executed guaranties, promising to repay the present and future indebtedness of Jones/Windmill. Those guarantors are defendants Yoel Iny,

---

[1] On July 22, 2008, the note was amended to, among other things, extend the maturity date to July 24, 2009.

James C. Mahan
U.S. District Judge

1  individually and as trustee of the Y&T Iny Family Trust; Noam Schwartz, individually and as
2  trustee of the Noam Schwartz Trust; and D.M.S.I., LLC.

3  On August 14, 2009, Colonial Bank was closed and the FDIC was named as receiver. That
4  same day, the FDIC assigned all of its rights, title, and interest in, to, and under the loan documents
5  to Branch Banking. On August 3, 2011, Branch Banking served a demand letter upon
6  Jones/Windmill and the individual guarantors. Jones/Windmill and the guarantors failed to pay
7  the balance due by the demanded date of August 31, 2011.

8  On February 29, 2012, a trustee's sale was held. Branch Banking asserts that the property
9  was sold to it for a credit bid in the amount of $296,000 in partial satisfaction of the note.
10 According to Branch Banking, the principal balance remaining under the note is $1,099,917.66,
11 with accrued interest at the time of filing in the amount of $28,724.32, for a total of $1,128,641.98.

12 Plaintiff's amended complaint asserts claims for breach of guaranty, breach of the covenant
13 of good faith and fair dealing, and seeks a deficiency judgment under Nevada Revised Statutes §
14 40.451, *et. seq*. (Doc. # 6). On August 5, 2014, the court granted plaintiff's motion for summary
15 judgment as to all issues except the fair market value of the property at the time of the trustee's
16 sale. (Doc. # 97 at 7). The court also granted plaintiff's motion for a deficiency hearing, to the
17 extent that the motion requested a valuation hearing. (*Id.* at 8).

18 The instant case is currently scheduled for calendar call on August 5, 2015, with a jury trial
19 set to begin on August 10, 2015. (Doc. # 121). Plaintiff filed the instant motion seeking
20 clarification on what issues the jury will determine at trial. (Doc. # 125 at 2). Plaintiff asserts that
21 the jury should be limited to determining damages only, and the court should decide the fair market
22 value of the subject property. Defendants believe that the jury should determine damages and the
23 fair market value. (*Id.*).

24 **II.     Discussion**

25 The facts and arguments by the parties in the instant case are essentially indistinguishable
26 from *Branch Banking and Trust Co. v. Regena Homes, LLC*, No. 2:12-cv-00451-APG-GWF, 2015
27 WL 685187, at *1 (D. Nev. Feb. 18, 2015), a case decided by another court in this district. In
28 *Regena*, the court held that defendants were entitled to a jury trial on the amount of the debt owed

James C. Mahan
U.S. District Judge

- 2 -

and the price paid at the trustee's sale, but defendants were not entitled to a jury trial on the fair market value of the property at the time of the trustee's sale. *Id.* at *1. This court agrees with the court's thorough analysis in *Regena*, and finds that analysis applicable to the facts at issue here.

*A.  Nevada law*

Branch Banking argues the statute's plain language demonstrates that the Nevada Legislature intended the court to make the deficiency findings and enter the deficiency judgment. Defendants respond that the statute does not specify whether a judge or a jury is the trier of fact, and that Nevada case law has often assigned to the jury the question of property's fair market value.

The Supreme Court of Nevada has not addressed whether a judge or jury determines a deficiency under Nevada Revised Statutes § 40.451, *et seq.*  Under Nevada law, a court should construe a statute to give effect to the legislature's intent. *Richardson Constr., Inc. v. Clark Cnty. Sch. Dist.*, 156 P.3d 21, 23 (Nev. 2007). If the statute's plain language is unambiguous, that language controls. *Id.*

NRS § 40.430 provides that there be "but one action for the recovery of any debt, or for the enforcement of any right secured by a mortgage or other lien upon real estate." Nev. Rev. Stat. § 40.430(1). Nevada requires that the one action "be in accordance with the provision of NRS 40.430 to 40.459, inclusive." Nev. Rev. Stat. § 40.430(1). Under § 40.455(1), the creditor must apply for a deficiency judgment within six months of the foreclosure or trustee's sale. The court must hold a hearing on the creditor's application for a deficiency judgment, at which the court takes evidence from the parties concerning the property's fair market value. Nev. Rev. Stat. § 40.457(1).

"[A]fter the required hearing, the court shall award a deficiency judgment to the judgment creditor or the beneficiary of the deed of trust if it appears from the sheriff's return . . . that there is a deficiency of the proceeds of the sale and a balance remaining due . . . ." *Id.* § 40.455(1). Section 40.459 directs the court to award a money judgment in the amount of the difference between:

>(a) The amount by which the amount of the indebtedness which was secured exceeds the fair market value of the property sold at the time of the sale, with interest from the date of the sale; [or]
>
>(b) The amount which is the difference between the amount for which the property was actually sold and the amount of the indebtedness which was secured, with interest from the date of sale . . . .

Nev. Rev. Stat. § 40.459.[2]

By the statute's plain language, the court holds a hearing and renders a deficiency judgment. There is no reference to a jury, a trial, or a verdict. *See, e.g.*, Nev. Rev. Stat., Ch. 6 (referring to "trial jurors"). Accordingly, the court finds that the statute provides for deficiency judgments to be heard and determined by a judge, not a jury.

*B. Seventh Amendment right to a jury trial*

The Seventh Amendment provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . ." Whether there is a right to a jury trial in federal court is determined as a matter of federal law, even in diversity cases and even where the state would not allow a jury trial in its own courts. *Simler v. Conner,* 372 U.S. 221, 222 (1963); *Byrd v. Blue Ridge Rural Elec. Coop., Inc.*, 356 U.S. 525, 535–38 (1958). In a diversity case, "the substantive dimension of the claim asserted finds its source in state law . . . but the characterization of that state-created claim as legal or equitable for purposes of whether a right to jury trial is indicated must be made by recourse to federal law." *Simler*, 372 U.S. at 222.

The Seventh Amendment preserves jury trials for "Suits at common law," but there is no jury trial right for equitable actions. *Katchen v. Landy*, 382 U.S. 323, 336–37 (1966). To determine whether a particular action is a suit at common law for which a jury trial right exists, the court engages in a two-step process. First, the court compares the action to "18th-century actions brought in the courts of England prior to the merger of the courts of law and equity" to determine if the action is legal or equitable. *Wooddell v. Int'l Bhd. of Elec. Workers, Local 71,* 502 U.S. 93, 97 (1991) (quotation omitted). Second, the court determines whether the remedy

---

[2] Nev. Rev. Stat. § 40.459(1)(c) provides a third potential measure of deficiency, which does not apply here.

**James C. Mahan
U.S. District Judge**

- 4 -

sought "is [historically] legal or equitable in nature." *Id*. "The second inquiry is the more important in [the] analysis." *Id*. Where the two steps lead to conflicting answers, "the equitable nature of the relief is dispositive, unless Congress lacks the power to so limit the remedies available" for the claim. *Spinelli v. Gaughan,* 12 F.3d 853, 857 (9th Cir. 1993).

First, the court finds that Branch Banking's claims for breach of guaranties and breach of the covenant of good faith and fair dealing are legal in nature. *See Regena*, 2015 WL 685187, at *5 (discussing how the most analogous historical claim is breach of contract because the claims Branch Banking asserted were for breach of guaranties and breach of the covenant of good faith and fair dealing). The first consideration weighs in favor of finding that defendants have a Seventh Amendment right to a jury trial on all issues related to the deficiency.

Second, the court finds that defendants are not entitled to a jury trial on the determination of the property's fair market value. *See id.* at *6. Historically fair market value would not have been determined by a jury in the context of either a foreclosure or an action on the note following a trustee's sale. The court finds that fair market value is an equitable consideration to be resolved by the court. The second consideration weighs against finding that defendants have a Seventh Amendment right to the jury trial.

The nature of the remedy is more important than the nature of the claim in determining the right to a jury trial. *Id.* However, a defendant is entitled to a jury trial on any legal issues remaining in the case, even if those issues are joined in an action with equitable issues. *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 473 (1962).

The nature of a fair market valuation in the context of a deficiency judgment following a trustee's sale is equitable. *See Regena*, 2015 WL 685187, at *6. However, the issues of the amount of the debt owed and the sales price garnered at a trustee's sale would have historically been determined in an action at law for the legal remedy of money damages. *See id.* Thus, as to these two issues, defendants are entitled to a jury trial.

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

### III. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Branch Banking and Trust Co.'s emergency motion for clarification of order regarding trial (doc. # 125) be, and the same hereby is, GRANTED, consistent with the foregoing. The court will empanel a jury to decide only the amount of the debt owed and the sale price at the trustee's sale. After the conclusion of the jury trial, the court will determine the property's fair market value.

DATED August 3, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**