UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRANCH BANKING AND TRUST COMPANY,<br><br>                                 Plaintiff(s),<br><br>v.<br><br>JONES/WINDMILL, LLC, et al.,<br><br>                                Defendant(s). | Case No. 2:12-CV-452 JCM (GWF)<br><br>ORDER |

Presently before the court is the matter of *Branch Banking & Trust Co. v. Jones/Windmill LLC, et al.*, case number 2:12-cv-00452-JCM-GWF.

**I.     Background**

Plaintiff Branch Banking & Trust Co. ("BB&T) is the successor in interest to non-party Colonial Bank by acquisition of assets from the FDIC as receiver for the bank.

Branch Banking's claims arise out of a January 18, 2006,[1] promissory note secured by a deed of trust executed by defendant Jones/Windmill, LLC ("Jones/Windmill"). The note secured a loan from Colonial Bank in the original principal amount of $1,100.000. The deed of trust encumbered certain real property located in Clark County, Nevada ("the property"). The individual and corporate defendants executed guaranties, promising to repay the present and future indebtedness of Jones/Windmill.

---

[1] On July 22, 2008, the note was amended to, among other things, extend the maturity date to July 24, 2009.

James C. Mahan
U.S. District Judge

On August 3, 2011, Branch Banking served a demand letter upon Jones/Windmill and the individual guarantors. Jones/Windmill and the guarantors failed to pay the balance due by the demanded date of August 31, 2011.

On February 29, 2012, a trustee's sale was held, and the property was sold to Branch Banking for a credit bid in the amount of $296,000 in partial satisfaction of the note. According to Branch Banking, the principal balance remaining under the note is $1,099,917.66, with accrued interest at the time of filing in the amount of $28,724.32, for a total of $1,128,641.98. The amended complaint asserts claims for breach of guaranty, breach of the covenant of good faith and fair dealing, and seeks a deficiency judgment. (Doc. # 6).

## II.    Procedural Posture

On August 5, 2014, the court granted BB&T's motion for summary judgment with respect to all issues except the fair market value of the real estate in question at the time of the trustee's sale. (Doc. # 97). Since that time, plaintiff and defendants have submitted numerous briefs and motions in an attempt to determine the scope of the issues that remain, the right of defendants to a jury trial on certain issues, and which evidence should be allowed at either a bench or jury trial. (*See, e.g.*, docs. # 98, 105, 106, 122, 123, 131.)

Most recently, the parties were scheduled to begin a jury trial on August 10, 2015. (Doc. # 121). On August 6, 2015, the parties filed a last minute stipulation addressing three issues. (Doc. # 145). First, the parties stipulated that defendants waived their right to a jury trial. (*Id.*). Second, the parties agreed to vacate the trial. (*Id.*).

Finally, the parties "stipulated" that they disagree about the scope of issues remaining for a bench trial. (*Id.*). Plaintiff asserts that the amount of the deficiency judgment is the lone remaining issue. This determination, in turn, requires "determination of the fair market value of

**James C. Mahan**
**U.S. District Judge**

- 2 -

the subject property on the date of the trustee's sale pursuant to NRS 40.457 and the amount of the "indebtedness" as defined by NRS 40.451." (*Id.* at 2).

Defendants, on the other hand, believe that additional issues remain. (*Id.*). These issues include claims that the LIBOR manipulation scandal has caused a miscalculation of the applicable interest payable, as well as the contention that plaintiff failed to mitigate damages by choosing not to foreclose immediately after defendants' default on the loan. (*Id.*).

Accordingly, the court clarifies for the parties that the only issue remaining to be adjudicated is the amount of the deficiency judgment. The court disposed of all other issues when it granted plaintiff's motion for summary judgment "as to all issues except the fair market value of the property at the time of the trustee's sale." (Doc. #97).[2] That order stands, and the only issue remaining for adjudication is the fair market value of the property at the time of the trustee's sale, which is necessary to apply the deficiency amount calculations prescribed in NRS 40.459 and determine the appropriate amount of the deficiency judgment against defendants.

### III. Conclusion

The only remaining issue for the court to determine is the fair market value, which is necessary to compute the deficiency amount.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the case be, and the same hereby is, referred to Magistrate Judge Foley to hold an evidentiary hearing and submit a report and recommendation on the fair market value of the property at issue and the appropriate amount of the deficiency judgment against defendants.

---

[2] Indeed, defendants previously filed a motion for reconsideration of this court's order granting summary judgment for plaintiff. (Doc. # 98). The court denied that motion. (Doc. # 114).

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  IT IS FURTHER ORDERED that the pending motions *in limine* (docs. # 122, 123) are likewise referred to Magistrate Judge Foley for determination.

DATED August 7, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -