UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRANCH BANKING AND TRUST COMPANY,<br><br>         Plaintiff(s),<br><br>  v.<br><br>JONES/WINDMILL, LLC, et al.,<br><br>         Defendant(s). | Case No. 2:12-CV-452 JCM (GWF)<br><br>ORDER |

  Presently before the court are the report and recommendation of Magistrate Judge Foley. (ECF No. 166). No objections have been filed, and the time for doing so has passed.

  Plaintiff Branch Banking & Trust Company ("BB&T") is the successor in interest to non-party Colonial Bank by acquisition of assets from the FDIC as receiver for the bank.

  Branch Banking's claims arise out of a January 18, 2006,[1] promissory note secured by a deed of trust executed by defendant Jones/Windmill, LLC ("Jones/Windmill"). The note secured a loan from Colonial Bank in the original principal amount of $1,100,000.00. The deed of trust encumbered certain real property located in Clark County, Nevada ("the property"). The individual and corporate defendants executed guaranties, promising to repay the present and future indebtedness of Jones/Windmill.

  On August 3, 2011, Branch Banking served a demand letter upon Jones/Windmill and the individual guarantors. Jones/Windmill and the guarantors failed to pay the balance due by the demanded date of August 31, 2011.

---

[1] On July 22, 2008, the note was amended to, among other things, extend the maturity date to July 24, 2009.

**James C. Mahan**
**U.S. District Judge**

On February 29, 2012, a trustee's sale was held, and the property was sold to Branch Banking for a credit bid in the amount of $296,000.00 in partial satisfaction of the note. According to Branch Banking, the principal balance remaining under the note is $1,099,917.66, with accrued interest at the time of filing in the amount of $28,724.32, for a total of $1,128,641.98. The amended complaint asserts a claim for breach of guaranty, asserts a claim for breach of the covenant of good faith and fair dealing, and seeks a deficiency judgment. (ECF No. 6).

On August 5, 2014, the court granted BB&T's motion for summary judgment with respect to all issues except the fair market value of the real estate in question at the time of the trustee's sale. (ECF No. 97). Since that time, plaintiff and defendants have submitted numerous briefs and motions in an attempt to determine the scope of the issues that remain, the right of defendants to a jury trial on certain issues, and which evidence should be allowed at either a bench or jury trial. (*See, e.g.*, ECF Nos. 98, 105, 106, 122, 123, 131.)

On August 7, 2015, the court issued an order clarifying the only issue remaining:

> Accordingly, the court clarifies for the parties that the only issue remaining to be adjudicated is the amount of the deficiency judgment. The court disposed of all other issues when it granted plaintiff's motion for summary judgment "as to all issues except the fair market value of the property at the time of the trustee's sale." (ECF No.97).[2] That order stands, and the only issue remaining for adjudication is the fair market value of the property at the time of the trustee's sale, which is necessary to apply the deficiency amount calculations prescribed in NRS 40.459 and determine the appropriate amount of the deficiency judgment against defendants.

(ECF No. 147).

Thereafter, Judge Foley conducted the deficiency hearing required by NRS § 40.457. Having thoroughly analyzed the testimony and expert reports presented at the valuation hearing on December 1, 2015, Judge Foley recommended setting the fair market value at the time of the foreclosure sale at $438,648.25. (*See* ECF No. 166).

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects

---

[2] Indeed, defendants previously filed a motion for reconsideration of this court's order granting summary judgment for plaintiff. (ECF No. 98). The court denied that motion. (ECF No. 114).

**James C. Mahan**
**U.S. District Judge**

- 2 -

to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna–Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna–Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then this court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

Nevertheless, this court finds it appropriate to engage in a *de novo* review to determine whether to adopt the recommendation of the magistrate judge. Upon reviewing the recommendation and underlying briefs, this court finds good cause appears to adopt the magistrate judge's findings in their entirety.

Summary judgment has been entered on all other issues, as discussed *supra*. Plaintiff shall therefore prepare and submit a proposed judgment for the appropriate deficiency amount. The proposed order shall be consistent with the court's summary judgment order. (*See* ECF No. 97).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Magistrate Judge Foley's report and recommendation (ECF No. 166) be, and the same hereby are, ADOPTED in their entirety.

IT IS FURTHER ORDERED that the fair market value of the Jones/Windmill, LLC property at the time of the foreclosure sale on February 29, 2012, is set at $438,648.25.

**James C. Mahan**
**U.S. District Judge**

IT IS FURTHER ORDERED that plaintiff Branch Banking & Trust Company shall prepare a proposed judgment consistent with the foregoing within **seven (7) days** of entry of this order.

DATED June 16, 2016.

_____
UNITED STATES DISTRICT JUDGE