1

2

3

4                    UNITED STATES DISTRICT COURT

5                          DISTRICT OF NEVADA

6                                * * *

7   BRANCH BANKING AND TRUST                    Case No. 2:12-CV-452 JCM (GWF)
    COMPANY,
8                                                              ORDER
                                Plaintiff(s),
9
             v.
10
    JONES/WINDMILL, LLC, et al.,
11
                                Defendant(s).
12
   ─────────────────────────────────────────

13          Presently before the court is plaintiff Branch Banking and Trust Company's motion for

14  attorneys' fees and nontaxable costs.  (ECF No. 171).  Defendants filed a response (ECF No. 172),

15  and plaintiff filed a reply (ECF No. 176).

16     **I.      Introduction**

17          On June 8, 2012, plaintiff filed an amended complaint against defendants involving rights

18  under a property loan, asserting three claims for relief: (1) deficiency; (2) breach of guarantee; and

19  (3) breach of the covenant of good faith and fair dealing.  (ECF No. 6).  On August 5, 2014, this

20  court granted plaintiff's motion for summary judgment on all issues but the fair market value of

21  the underlying property at the time of the trustee's sale.  (ECF No. 97).  This court also denied

22  plaintiff's motion for hearing and defendants' motions for summary judgment and certification of

23  questions of law to the Nevada Supreme Court.  (ECF Nos. 69, 70, 93, 97).

24          On June 16, 2016, the court adopted Magistrate Judge Foley's report and recommendation,

25  finding that the fair market value of the underlying property was $438,648.25 at the time of the

26  relevant trustee's sale.  (ECF Nos. 166, 167).  On July 7, 2016, judgment was entered against

    defendants, jointly and severally, in the amount of $908,990.07.  (ECF No. 169).

27          On July 21, 2016, plaintiff filed the instant motion for attorneys' fees and nontaxable costs.

28  (ECF No. 171).  Plaintiff argues: (1) the terms of the promissory note and guarantee require

**James C. Mahan**
**U.S. District Judge**

defendants' payment of attorneys' fees; (2) the four factors of *Brunzell v. Golden Gate Nat. Bank*, 455 P.2d 33 (Nev. 1969), weigh in favor of the requested award; (3) Local Rule 54-14 provides for attorneys' fees; and (4) Federal Rule of Civil Procedure 54(d) and Local Rule 54-1 entitle plaintiff to costs, as itemized in plaintiff's exhibit.[1]  *See* (ECF Nos. 171, 171-1).

In response, defendants first argue that plaintiff has not followed Local Rule 54-14 by failing to address the twelve factors enumerated in that rule.  *See* LR 54-14(b)(3); *see also* (ECF No. 172).  Next, defendants state that *Bruznell* does not support plaintiff's motion because: (1) staffing the case with ten individuals is unreasonable; (2) the fees are excessive in light of Mr. Nork's billed hours; and (3) plaintiff's submitted exhibits illustrate work billed in this case that is excessive, vaguely recorded, or irrelevant to this action.  (ECF No. 172).  Finally, defendants assert that plaintiff's request for costs is unfounded.  (*Id.*).

Plaintiff replied, first resisting defendants' characterization of its Local Rule 54-14 summaries.  (ECF No. 176).  Next, plaintiff argues that the fees are reasonable because plaintiff's counsel utilized cost-controlled staffing for this action, and work sometimes had to be shifted between firm employees.  (*Id.*).  Further, pretrial motions allegedly required the hours logged by counsel, the entries involving the Federal Deposit Insurance Corporation were necessary in anticipation of trial, the billing table sufficiently articulates the necessary work done in this case, and defendants' objection to the payment of costs is not supported by legal authority.  (*Id.*).

## II.   Legal Standard

### a.   *Attorneys' fees*

Federal Rule of Civil Procedure 54(d)(2) allows a party to file a motion for attorneys' fees if it: (1) is filed within 14 days after judgment is entered; (2) identifies the legal basis for the award; and (3) indicates the amount requested or an estimate thereof.  Moreover, "[a] federal court sitting in diversity applies the law of the forum state regarding an award of attorneys' fees."  *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000).  A Nevada trial court "may not award attorney fees absent authority under a statute, rule, or contract."  *Albios v. Horizon Communities, Inc.*, 132 P.3d 1022, 1028 (Nev. 2006).

---

[1]  Under the current rules, Local Rule 54-14 governs motions for attorney fees.  Although the parties refer to the older Local Rule 54-16, this order will discuss the present version of the applicable rule and accordingly adapts the parties' arguments to the same.

James C. Mahan
U.S. District Judge

In *Brunzell*, the Nevada Supreme Court articulated four factors for a court to apply when assessing requests for attorneys' fees:

> (1) the qualities of the advocate: his ability, his training, education, experience, professional standing and skill; (2) the character of the work to be done: its difficulty, its intricacy, its importance, time and skill required, the responsibility imposed and the prominence and character of the parties where they affect the importance of the litigation; (3) the work actually performed by the lawyer: the skill, time and attention given to the work; (4) the result: whether the attorney was successful and what benefits were derived.

455 P.2d at 33. The trial court may exercise its discretion when determining the value of legal services in a case. *Id.* at 33–34.

Additionally, a trial court applying Nevada law must utilize *Bruzell* to assess the merits of a request for attorneys' fees, yet that court is not required to make findings on each factor. *Logan v. Abe*, 350 P.3d 1139, 1143 (Nev. 2015). "Instead, the district court need only demonstrate that it considered the required factors, and the award must be supported by substantial evidence." *Id.* (citing *Uniroyal Goodrich Tire Co. v. Mercer*, 890 P.2d 785, 789 (Nev. 1995), *superseded by statute on other grounds as discussed in RTTC Commc'ns, LLC v. Saratoga Flier, Inc.*, 110 P.3d 24, 29 n.20 (Nev. 2005)).

The Local Rules for the United States District Court, District of Nevada, impose further procedural requirements on motions for attorneys' fees and costs.[2] *See* LR 54-1, 54-14. To obtain costs other than attorneys' fees, "[a] prevailing party who claims costs must file and serve a bill of costs and disbursements on the form provided by the clerk no later than 14 days after the date of entry of the judgment or decree." LR 54-1(a). Additionally, that bill of costs must be accompanied "by an affidavit [that] distinctly set[s] forth each item so that its nature can be readily understood.

---

[2] Local Rule 54-14(b)(3) specifically identifies the required information for a trial court in this district to consider a motion for attorneys' fees. These thirteen items are as follows:

> (A) The results obtained and the amount involved; (B) The time and labor required; (C) The novelty and difficulty of the questions involved; (D) The skill requisite to perform the legal service properly; (E) The preclusion of other employment by the attorney due to acceptance of the case; (F) The customary fee; (G) Whether the fee is fixed or contingent; (H) The time limitations imposed by the client or the circumstances; (I) The experience, reputation, and ability of the attorney(s); (J) The undesirability of the case, if any; (K) The nature and length of the professional relationship with the client; (L) Awards in similar cases; and (M) Any other information the court may request.

LR 54-14(b)(3).

James C. Mahan
U.S. District Judge

An itemization and, where available, documentation of requested costs in all categories must be attached to the bill of costs."  LR 54-1(b).

### III.    Discussion

#### a.  Attorneys' fees

As an initial matter, the underlying agreements provide for attorneys' fees in this case, and defendants do not contest that fact.  *See* (ECF No. 68-1 at 10, 40); *see also* (ECF No. 172).  However, defendants' assertion that plaintiff has failed to comply with Local Rule 54-14(b) is meritorious.

This court has previously held that the potential to "easily glean the information" from a motion for attorneys' fees is insufficient to satisfy Local Rule 54-14(b)'s "brief summary" requirement.  *Anderson v. White*, No. 2:13-CV-2097-JCM-VCF, 2016 WL 3396932, at *2 (D. Nev. June 14, 2016); *see also Lerner v. O'Connor*, No. 2:14-CV-341-JCM-VCF, 2015 WL 789665, at *3–4 (D. Nev. Feb. 25, 2015) (finding partial discussion of then-labeled LR 54-16(b) insufficient to grant motion for attorneys' fees).

Although plaintiff does acknowledge the local rule and attempts, helpfully, to direct the court's attention to where the rule's subparts may be addressed, plaintiff's motion falls short of even the inadequate "gleaning" threshold.  *See* (ECF No. 171); *see also Anderson*, 2016 WL 3396932, at *2.  Plaintiff correctly argues in its reply that there is no one set of language that automatically satisfies Local Rule 54-14(b)(3), but this court cannot agree with plaintiff's implication that the content submitted "overlapped" *all*—and not just *some*—of that rule's factors.  (ECF No. 176 at 3).  For example, here there is no mention of "awards in similar cases," and plaintiff's discussion of comparable rates and manner of discount is too vague to be useful for determining the propriety of plaintiff's requested fee amount.  *See* LR 54-14(b)(3)(F), (L).

Therefore, plaintiff's failure to comply with Local Rule 54-14(b)(3) impairs the court's performance of its obligation to scrutinize the attorney fees payable, if any.  *See Brunzell*, 455 P.2d at 33–34 ("The value to be placed on the services rendered by counsel lies in the exercise of sound discretion by the trier of the facts.").  Pursuant to Local Rule 54-14(d), plaintiff's motion for attorneys' fees will be denied.  Any future motion for attorneys' fees in this case should summarize Local Rule 54-14(b)(3)'s enumerated factors so as to be actionable by the court.

. . .

**James C. Mahan**
**U.S. District Judge**

- 4 -

*b.  Costs*

"Federal Rule of Civil Procedure 54(d)(1) establishes that costs are to be awarded as a matter of course in the ordinary case."  *Ass'n of Mexican-Am. Educators v. State of California*, 231 F.3d 572, 593 (9th Cir. 2000); *see also* Local Rule 54-1 ("Unless the court orders otherwise, the prevailing party is entitled to reasonable costs."); (ECF No. 68-1 at 10, 40).  Moreover, a bill of costs must be itemized.  LR 54-1(b).

Although there are typically limitations for the kinds of expenses that may be recovered in this variety of motion, such as those provided by Local Rule 54-11, it appears that the parties have contracted around this limitation in the operative agreements: "In the event that . . . expenses be incurred to compel payment of this Note . . . Borrower promises to pay all such expenses . . . ." (ECF No. 68-1 at 10); *see also* LR 54-11 ("The following costs will not *ordinarily* be allowed . . . ." (emphasis added)); (ECF No. 68-1 at 40) (discussing payment of costs or expenses resulting from contract enforcement).

This court will give effect to the apparent intention of the contracting parties.  Accordingly, plaintiff's request for costs will be granted.

**IV.   Conclusion**

In sum, plaintiff's request for attorneys' fees fails for lack of sufficient specificity when providing the required Local Rule 54-14(b)(3) summaries.  However, the agreements between the parties show that expenses related to suit would be paid by the relevant borrowing or guaranteeing parties.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the present motion for attorneys' fees and nontaxable costs (ECF No. 171) be, and the same hereby is, GRANTED IN PART AND DENIED IN PART, consistent with the foregoing.

DATED February 7, 2017.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 5 -